# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DONALD L. WITSCHGER,  
    Plaintiff

vs

E.I. DuPONT de NEMOUR & CO., et al.,  
    Defendants

Case No. 1:11-cv-814

Weber, J.  
Litkovitz, M.J.

**ORDER**

This matter is before the Court following a telephone discovery conference held on November 9, 2012, before the undersigned magistrate judge.

At issue is a dispute over defendant DuPont's request to plaintiff for the execution of a full medical release to obtain plaintiff's medical records. Plaintiff contends his medical history, treatment and records are not at issue in this employment discrimination matter and therefore he should not be compelled to sign a full medical release. Defendant asserts the medical records are relevant to plaintiff's claim for damages because plaintiff's physical ability to work, including the extent of any exertional limitations on his ability to work, is relevant to the issue of back wages. In addition, defendant asserts that plaintiff's medical records are relevant to his intentional infliction of emotional distress claim.

After considering the written position statements of the parties (attached hereto) and their arguments during the conference, the Court concludes that plaintiff's medical records are relevant to his damages and intentional infliction of emotional distress claims and are discoverable. An award of back pay is intended to "redress the economic injury the plaintiff has suffered *as a result of discrimination.*" *Gutzwiller v. Fenik,* 860 F.2d 1317, 1333 (6th Cir. 1988) (emphasis added). Although a prevailing plaintiff is generally entitled to an award of back pay

from the date of termination to the date of judgment, a loss of wages due to illness or disability that occurs subsequent to the termination cannot be deemed "the result of" a defendant's discrimination and cannot be compensated by back pay. *See Saulpaugh v. Monroe Community Hospital*, 4 F.3d 134, 145 (2d Cir. 1993). Therefore, plaintiff's ability or inability to work as a result of a medical condition is relevant to his claim for back pay. *Cf. Moody v. Honda of America Mfg., Inc.*, No. 2:05-cv-880, 2006 WL 1785464, at *6 (S.D. Ohio June 26, 2006) ("[I]f [the plaintiff's] medical conditions worsened after her discharge to the point where she could no longer work at all, that would have an impact on her claims for back pay, front pay, and reinstatement."). In addition, to the extent plaintiff seeks damages for emotional distress, his medical records are relevant to determining whether defendant's actions were the proximate cause of any emotional distress or injuries suffered by plaintiff. *See White v. Honda of America Mfg., Inc.*, No. 2:07-cv-216, 2008 WL 5431160, at *3 (S.D. Ohio Dec. 31, 2008) ("medical records may also contain evidence to assist the defendant in showing either the lack of a causal connection between the employer's actions and an emotional injury, or the presence of multiple causes"). Therefore, plaintiff's medical records are discoverable.

In terms of whether plaintiff should be compelled to sign a full medical release, the parties have agreed that at this juncture plaintiff will execute a release to permit defendant to obtain medical records that have been submitted in connection with plaintiff's workers' compensation case. After defendant has reviewed such records, if defendant determines that additional medical records may be relevant to the claims in the instant case, counsel for the parties must confer on the scope of the discovery of such records and, if an agreement cannot be reached, the parties should schedule another telephone discovery conference with the

undersigned.

**IT IS SO ORDERED.**

Date: 11/9/12

Karen L. Litkovitz
United States Magistrate Judge



Squire Sanders (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio  43215

O  +1 614 365 2700
F  +1 614 365 2499
squiresanders.com

Traci L. Martinez
T  +1 614 365 2807
Traci.martinez@squiresanders.com

November 7, 2012

**Via Electronic Mail:**  [Arthur_Hill@ohsd.uscourts.gov]

Magistrate Judge Karen L. Litkovitz
Arthur Hill, Case Manager to Magistrate Judge Karen Litkovitz
United States District Court, Southern District of Ohio

Re:   **Donald L. Witschger v. E.I. du Pont de Nemours and Company, et al.
      Case No. 1:11-cv-814**

Dear Judge Litkovitz:

Pursuant to the Court's November 7, 2012 Order, please accept this statement as Defendant E. I. du Pont de Nemours and Company's ("DuPont") position regarding the discovery dispute with Plaintiff Donald Witschger.

This dispute involves Plaintiff's refusal to execute a medical release.  Such release is relevant for two independent reasons:  (1) Plaintiff has a separate intentional infliction of emotional distress claim ("IIED") and DuPont is entitled to discover sources of severe emotional distress; and (2) Plaintiff testified that he is unable to work.  The latter is directly related to Plaintiff's damages, notwithstanding the fact that DuPont knows that Plaintiff suffers from various medical issues and ability to work.

## Background Information

Plaintiff has brought a three count Complaint against DuPont alleging federal and state age discrimination and IIED.  Relevant to this dispute, is the fact that Plaintiff is simultaneously litigating a claim through the Bureau of Worker's Compensation ("BWC") which is being handled by another law firm and different counsel than the undersigned.  Due to Plaintiff's IIED claim, on March 9, 2012, DuPont submitted to Plaintiff its First Set of Interrogatories and Request for Documents seeking information regarding medical treatment sought due to any alleged damages related to this case and further requesting a fully executed medical release so that DuPont could properly obtain the records.  Plaintiff responded that he is not claiming any medical treatment or expenses relating to his damages and therefore his medical history is not at issue.

37 Offices in 18 Countries

Squire Sanders (US) LLP is part of the international legal practice Squire Sanders which operates worldwide through a number of separate legal entities.

Please visit squiresanders.com for more information.

### Discovery Dispute

Thereafter, during Plaintiff's deposition, he testified that as of January 24, 2012, he is neither working nor looking for work "because [he] ain't been released from [his] doctor for [his] shoulder yet". Accordingly, on October 3, 2012, DuPont submitted a request to Plaintiff to supplement his discovery and execute the previously submitted medical release because his ability to work is at issue and is relevant for purposes of determining his damages.

On October 24, 2012, Plaintiff's counsel Mr. Michael Mann responded to our request for supplemental documents and noted that while his medical records may be relevant to show his "ability to mitigate his damages by finding work and arguably limits his damage for that period of time", he recommended that we work through his "BWC claim" because "DuPont already has access to these records".

On November 2, 2012, the undersigned responded to Mr. Mann thanking him for the suggestion to obtain the records through the "BWC claim" but noted that "we still believe we need a medical release authorizing us to access those documents because it is being handled as a separate matter by a separate firm." However, we also stated that we would not need the medical release if he would agree to a "stipulation that he is not seeking damages after his last efforts of mitigation on January 24, 2012."

Since November 2, 2012, the undersigned and Mr. Mann have exchanged emails and spoken on the telephone to attempt to resolve the dispute. Mr. Mann stated that he would agree to a stipulation that Plaintiff could not work for the period of January 24, 2012 through June 1, 2012 because his BWC Physician reported that he could go back to work on June 1, 2012. Unfortunately, there are conflicting reports from Plaintiff's physician; a separate report stated that Plaintiff could return to work but with restrictions through July 2012. In any event, as explained to Mr. Mann, the report does not indicate that Plaintiff could return to a labor position like the one he held at DuPont and for this important reason, the records are needed to assess Plaintiff's physical ability to work.

If Plaintiff continues to claim entitlement to "back pay", DuPont will be prejudiced unless it has full access to the records at issue. *Moody v. Honda of America Mfg., Inc.,* 2006 U.S. Dist. LEXIS 43096, *16 (S.D. Ohio 2006) (where plaintiff refused production of medical records or signing of medical release, the court held "information about whether [plaintiff] has suffered from a disabling medical condition anytime subsequent to her discharge is discoverable" because "that would have an impact on her claims for back pay, front pay, and reinstatement."). Further, DuPont is likewise entitled to the records, even though it has not pressured Plaintiff, solely based on Plaintiff's claim of IIED. *Cully v. St. Augustine Manor* (Cuyahoga App. Apr. 20, 1995), 1995 Ohio App. LEXIS 1643, at *39 (finding that under Ohio law, physical and mental health records were relevant to plaintiff's claim that she was caused emotional damage as a result of, among other claims, intentional infliction of emotional distress).

Squire Sanders (US) LLP

Magistrate Judge Karen L. Litkovitz
November 7, 2012

**Current Litigation Status**

Other than this remaining discovery issue, the parties have completed discovery and dispositive motions are due December 7. To save time and expense, DuPont is willing to forgo further discovery on medical records, pending the Court's ruling on its dispositive motion. If the dispositive motion is not granted, then Plaintiff would need to execute the medical release within 7 days after the Court's decision so that DuPont could properly prepare for trial.

Thank you in advance for your attention to this matter. If you would like copies of any of the correspondence prior to our telephone conference on November, 8, please do not hesitate to contact me.

Sincerely,

s/ Traci L. Martinez

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DONALD L. WITSCHGER | : | Case No. 1:11CV814 |
| | : | |
| Plaintiff, | : | Judge Herman J. Weber |
| | : | Magistrate Judge Karen L. Litkovitz |
| vs. | : | |
| | : | |
| E.I. DuPONT de NEMOUR & CO., et al. | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S POSITION STATEMENT REGARDING DISCOVERY DISPUTE**

Plaintiff Donald L. Witschger ("Witschger"), by and through counsel, hereby submits the following position statement regarding the discovery dispute over releasing his medical records. Defendant E. L. DuPont de Nemours and Company ("DuPont") has asked Witschger to provide it with a "fully executed medical release." Witschger has declined to do so because his medical history, treatment and records are *not* at issue in this case. Unlike an ADA or FMLA case, there are no medical issues related to Witschger's claims for age discrimination under the ADEA and R.C. 4112. Witschger was terminated for an alleged "lack of work," not because of performance issues or an inability to do his job because of a physical or mental impairment. Witschger did not seek treatment for emotional damages related to his termination and has not identified a medical expert to testify on his behalf.

A discovery issue has arisen in the context of Witschger's mitigation of his lost wage claim. Witschger testified in his June 5, 2012, deposition that he did not seek work after January 24, 2012, because he had surgery on his shoulder in early February and could not work during

1

his recovery. On June 6 he was released by his doctor to return to work *without restrictions* effective June 1, 2012. Witschger has provided DuPont with a copy of the Physician's Report of Work Ability stating he "may return to work (RTW) with no restrictions on 6/1/12." Witschger has also agreed to stipulate to the fact that he could not mitigate his lost wage damages from January 25, 2012 through June 1, 2012.

DuPont claims that it is entitled to Witschger's medical records to confirm his ability to work. DuPont has provided no authority or other grounds for its request. DuPont can not use the circumstances as an opportunity to get Witschger's medical records. Therefore, Witschger has respectfully declined to provide DuPont with the requested medical release on the grounds that Witschger's medical records are not properly discoverable.

    Respectfully submitted,

/s/ *Michael T. Mann*
Michael T. Mann (0073845)
David S. Mann (0015519)
MANN & MANN, LLC
115 W. Ninth St.
Cincinnati, Ohio 45202
(513) 621-2888; Fax No. (513) 345-4449
E-mail: michael@mannandmannlaw.com
    david@mannandmannlaw.com

TRIAL ATTORNEYS FOR PLAINTIFF DONALD L. WITSCHGER



**RE: Upcoming discovery conference: Dupont: 11-cv-814**

David Blessing    to:    Arthur_Hill@ohsd.uscourts.gov,
david@mannandmannlaw.com,
michael@mannandmannlaw.com,

11/07/2012 03:02 PM

Mr. Hill:

I am in a trial in Alabama this week and won't be able to participate in the conference.  My co-counsel, Vince Salinas, will participate on behalf of our client, Troy Electric.

As to our position on the outstanding discovery dispute, Troy did not issue the request for the release of medical documentation.  However, as the Plaintiff seeks damages for lost income against us, his ability to work are relevant to the issues of fact.  Our position is the same as DuPont's; we believe the medical documentation is relevant and should be produced.

Please let me know if you would like any other information.

David

---

From: Arthur_Hill@ohsd.uscourts.gov [Arthur_Hill@ohsd.uscourts.gov]
Sent: Wednesday, November 07, 2012 8:12 AM
To: david@mannandmannlaw.com; michael@mannandmannlaw.com; tmartinez@ssd.com; sdimickele@ssd.com; David Blessing; vince@vincentsalinas.com
Subject: Fw: Upcoming discovery conference: Dupont: 11-cv-814

This matter has been put on the Judge's calendar for an informal discovery conference via telephone on Thurs. 11/8/12 at 3:00 pm.  The Judge requires that each party submit before such conference a short statement on their position regarding the outstanding discovery dispute.  Please email your statement to me as soon as possible.

Please call the Judge's conference line on Thurs. at 3:00 pm:

1-877-336-1839
Access code:  9003349
Participant security code:   1002

thanks




Arthur Hill
Case Manager to Magistrate Judge Karen Litkovitz
V:   (513)564-7652
F:   (513)564-7691
email:  Arthur_Hill@ohsd.uscourts.gov
----- Forwarded by Arthur Hill/OHSD/06/USCOURTS on 11/07/2012 08:06 AM
-----

   From:       Erica Faaborg/OHSD/06/USCOURTS

   To:         Arthur Hill/OHSD/06/USCOURTS@USCOURTS,